972 F.2d 339
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mark G. EGAN; Scott Maentz; Michael J. Mastangelo;
Phillip H. Prince; Louis M. Russo; John P. Vaile; J.
Steven Manolis; Michelle Manolis; George D. Veon; David M.
Graham; Stephen B. Schroeder; Michael T. Mortara; Jeffrey
S. Ross, Plaintiffs-Appellees,
v.
Charles H. P. DUELL; Eric A. Brooks; Middleton Inn
Associates; Middleton Management, Incorporated; Charles D.
Ravenel, Defendants-Appellees, W. VAUGHAN DAVIDSON,
Defendant & Third Party Plaintiff-Appellant,
and Arthur Anderson & Company, Defendant,
v.
Thomas S. Tisdale, JR.; John S. Hipp; Frank E. Fowler, II;
Middleton Operating Corporation; Middleton Place
Foundation; Middleton Place National
Historic Landmark, Third Party
Defendants-Appellees.
 No. 91-2069.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 6, 1992
Decided: July 28, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, District Judge. (CA-89-1497-2)
 W. Vaughan Davidson, Appellant Pro Se.
 Arnold Anthony Pagniucci, Sachnoff & Weaver, Ltd., Chicago, Illinois; Robert E. Stepp, Glen, Irvin, Murphy, Gray & Step, Columbia, South Carolina; Joseph Rutledge Young, Jr., Stephen Peterson Groves, Sr., Young, Clement, Rivers & Tisdale, Charleston, South Carolina; Michael H. Graham, Savannah, Georgia; Mark Hedderman Wall, Wall & Shoun, Charleston, South Carolina; Susan Pedrick Williams, Nexsen, Pruet, Jacobs & Pollard, Columbia, South Carolina; A. Arthur Rosenblum, Charleston, South Carolina, for Appellees.
 D.S.C.
 Dismissed.
 Before RUSSELL, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 W. Vaughan Davidson appeals from the district court's dismissal with prejudice of this case pursuant to the consent of the parties. A party may not appeal from an order entered with his consent. Thonen v. Jenkins, 455 F.2d 977, 977 (4th Cir. 1972). Although Davidson, unlike the other parties, did not indicate his consent by signing the court's order, the district court attached to the order a release signed by Davidson wherein he agreed to dismiss this suit. In light of the release, we construe language in the order indicating that all the parties had consented as a finding of fact that Davidson had agreed to dismissal. Because this conclusion is strongly supported by the release, we conclude that the finding was not clearly erroneous and that the order was indeed entered pursuant to Davidson's consent. See Friend v. Leidinger, 588 F.2d 61, 64 (4th Cir. 1978). Thus Davidson cannot appeal from the district court order dismissing this case.
 
 
 2
 We dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED